NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ABRAXIS BIOSCIENCE, INC., | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 07-1251 (JAP) |
| NAVINTA LLC, | : | OPINION |
| Defendant. | : | |

APPEARANCES:

Charles J. Stoia, Esq.
Porzio, Bromberg & Newman, P.C.
100 Southgate Parkway
Morristown, New Jersey 07962-1997
    *Attorney for Plaintiff*

Eric I. Abraham, Esq.
Hill Wallack LLP
202 Carnegie Center
CN 5226
Princeton, New Jersey 08543
    *Attorney for Defendant*

PISANO, District Judge.

Presently before the Court is a motion to dismiss pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(2) brought by Plaintiff Abraxis Bioscience, Inc. ("Plaintiff"). Plaintiff seeks the Court to dismiss Counterclaims VI, VII, VIII, IX, and X asserted by Defendant Navinta LLC ("Defendant"). In the alternative, Plaintiff moves for a bifurcation of those Counterclaims from the remainder of the action and for a stay of discovery as to those

Counterclaims. Defendant opposes the motion to dismiss, but does not oppose a bifurcation. For the reasons set forth herein, the Court denies Plaintiff's motion to dismiss, but grants the motion to bifurcate and stay discovery as to Defendant's Counterclaims VI, VII, VIII, IX, and X.

**I.  BACKGROUND**

The underlying action is one for patent infringement brought pursuant to the Drug Price Competition and Patent Term Restoration Act of 1984, 21 U.S.C. § 355 and 35 U.S.C. §§ 156, 271, commonly referred to as the "Hatch-Waxman Act." The Counterclaims at issue here assert antitrust claims brought, via the Clayton Act, 15 U.S.C. § 15, for alleged violations of the Sherman Act, 15 U.S.C. §§ 1 and 2, as well as common law actions of unfair competition and tortious interference with prospective economic advantage.

Plaintiff manufactures an injectable drug, marketed as Naropin®, that is composed of ropivacaine hydrochloride and is used as an anesthesia and for pain management. For that purpose, Plaintiff holds an approved New Drug Application ("NDA") 20-533 for Naropin® and owns three patents relating to the drug: Patent numbers 4,870,086 ("the '086 Patent"), 5,670,524 ("the '524 Patent"), and 5,834,489 ("the '489 Patent"). Plaintiff timely listed the '086 Patent in the publication, "Approved Drug Products with Therapeutic Equivalence Evaluations," commonly called the "Orange Book." However, Plaintiff did not list the '524 or '489 Patents in the Orange Book until November and December 2007, respectively.

Defendant is a generic drug manufacturer. Defendant filed, pursuant to 21 U.S.C. § 355(j), an Abbreviated New Drug Application ("ANDA") No. 78-601 with the United States Food and Drug Administration ("FDA"), seeking approval to market ropivacaine hydrochloride for anesthetic purposes. In accordance with 21 U.S.C. § 355(j)(2)(A)(vii)-(viii), Defendant filed

-2-

a "Paragraph IV" certification as to the '086 Patent, placing Plaintiff on notice that Defendant believed its attempted use of ropivacaine hydrochloride would not infringe that patent. However, because the '524 and '489 Patents were not listed in the Orange Book at the time, Defendant did not attach to its ANDA a Paragraph IV certification as to those patents.

On March 15, 2007, Plaintiff brought the present cause of action, challenging Defendant's ANDA. On November 20, 2007, Plaintiff filed an Amended Complaint, alleging that Defendant's proposed use of ropivacaine hydrochloride as set forth in its ANDA would infringe upon the '086, '524, and '489 Patents.

On December 21, 2007, Defendant filed its Answer, asserting various Affirmative Defenses and Counterclaims. Defendant's Counterclaims included, *inter alia*, claims of: unfair competition (Counterclaim VI); sham litigation for the purpose of maintaining a monopoly in the market for ropivacaine hydrochloride in violation of the Sherman Act, 15 U.S.C. § 2 (Counterclaim VII); conduct harming the competitive process for the purpose of maintaining a monopoly in violation of the Sherman Act, 15 U.S.C. § 2 (Counterclaim VIII); conspiracy with AstraZeneca entities for the purpose of restraining trade in violation of the Sherman Act, 15 U.S.C. § 1 (Counterclaim IX); and tortious interference with a prospective economic advantage (Counterclaim X).

Defendant bases its Counterclaims on allegations that Plaintiff, in a conspiracy with one or more AstraZeneca entities, purposefully delayed and manipulated the listing of the '524 and '489 Patents in the Orange Book with the intent of delaying the approval of Defendant's ANDA. Defendant also alleges that Plaintiff, with the goal of hindering competition, pursues the present action for patent infringement despite its knowledge that Defendant's generic drug product that is

the subject of the ANDA would not infringe the '086 Patent.

Plaintiff now moves to dismiss five of Defendant's Counterclaims. In particular, Plaintiff argues that Defendant has failed to meet the notice requirements of Federal Rule of Civil Procedure 8(a)(2) in its Counterclaims VI and X. Plaintiff also submits that the Court lacks jurisdiction over Counterclaims VI, IX, and X because those claims are not yet ripe. In addition, Plaintiff seeks the Court to dismiss Counterclaims VI, VII, VIII, IX, and X for failure to state a claim upon which relief may be granted. To support that dismissal, Plaintiff argues that it is entitled to immunity from Defendant's Counterclaims VII and VIII under the *Noerr-Pennington* Doctrine, and that Counterclaims VI, IX, and X are impermissible attempts to enforce the Federal Food Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, ("FDCA"). In the alternative, Plaintiff moves to sever Defendant's Counterclaims VI through X from the remainder of the action and for a stay of discovery as to those Counterclaims.

Defendant opposes Plaintiff's motion to dismiss, but consents to the motion to bifurcate and stay. Defendant argues that it has sufficiently pled its Counterclaims. In addition, Defendant contends that Counterclaims VI, IX, and X are ripe for review and that Plaintiff is not entitled to immunity under the *Noerr-Pennington* Doctrine based on the "sham" litigation exception. Finally, Defendant submits that its Counterclaims are proper and do not attempt to seek a private enforcement of the FDCA.

**II.    DISCUSSION**

    **A.    Counterclaims VI, IX, and X are Justiciable**

        **1.    *Standard of Review under Federal Rule of Civil Procedure 12(b)(1)***

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of claims

-4-

based on a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of ripeness is properly brought pursuant to Rule 12(b)(1). *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 (3d Cir. 2001).

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court attaches "no presumptive truthfulness" to the allegations of the non-moving party, and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Moreover, "[w]hen a motion to dismiss is based on a lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b) defenses, the Court should consider the Rule 12(b)(1) challenge first because, if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses become moot and need not be addressed." *Pashun v. Modero*, 1993 WL 185323, *2 (D.N.J. May 26, 1993). *Accord Merck & Co., Inc. v. Apotex, Inc.*, 2007 WL 4082616, *3 (D.N.J. Nov. 15, 2007) (stating that "a court should consider a Rule 12(b)(1) motion first[] because[,] if such a motion is granted, the claim at issue must be dismissed for lack of subject matter jurisdiction[,]" and, thus, "the accompanying defenses . . . become moot and need not be addressed").

If a motion to dismiss is brought based on the ripeness doctrine, a court must "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Texas v. United States*, 523 U.S. 296, 300-01 (1998) (internal quotation marks omitted). Accordingly, the United States Court of Appeals for the Third Circuit has found that, to determine whether an issue is ripe for judicial review, a court must engage in a multi-factorial analysis. *NE Hub Partners*, *supra*, 239 F.3d at 342 (citing *Step-Saver Data Sys., Inc. v.*

*Wyse Tech.*, 912 F.2d 643, 647 (3d Cir. 1990)).  First, a court considers the adversity of the parties' interests.  *Ibid.*  Second, a court must determine "the probable conclusiveness of a judgment[.]"  *Ibid.*  Third, a court ascertains "the practical utility to the parties of rendering a judgment."  *Ibid.* (footnote omitted).  If necessary, a court may consider other additional factors.  *Ibid.*  However, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Texas*, *supra*, 523 U.S. at 300.

### 2.      *Analysis*

Plaintiff argues that the Court should dismiss as unripe Defendant's Counterclaims VI, IX, and X, alleging unfair competition, conspiracy with the intent to restrain trade in violation of the Sherman Act, and tortious interference with prospective economic advantages, respectively.  Defendant bases those Counterclaims on Plaintiff's alleged intentional delay in listing the '524 and '489 Patents in the Orange Book and claims that Plaintiff's actions in turn delayed the FDA's approval of Defendant's ANDA and prevents Defendant from selling its generic product.

According to Plaintiff, however, Defendant cannot sustain these claims because Plaintiff has not yet been harmed.  Plaintiff submits that, due to the statutory automatic stay initiated by the filing of the present action, Defendant's ANDA is not eligible for approval by the FDA until August 2009.  As a result, according to Plaintiff, any claim that the approval of Defendant's ANDA was delayed by Plaintiff's late listing of the '524 and '489 Patents in the Orange Book is mere speculation and, thus, unripe for judicial review.

Defendant opposes Plaintiff's motion, contending that its Counterclaims based on Plaintiff's delayed listing has already injured Defendant.  Defendant argues that the deferred listing of the two patents delayed this litigation, and has already delayed the approval of

Defendant's ANDA because Defendant was unable to file Paragraph IV certifications as to the '524 and '489 Patents with its initial application to the FDA.  Furthermore, Defendant explains that Plaintiff's failure to list the patents in the Orange Book caused the FDA to initially reject Defendant's proposed packaging label, submitted with its ANDA—the FDA required Defendant, pursuant to 21 C.F.R. § 314.94(a)(8)(iv), to remove an indication relating to the two unlisted patents from its proposed label.[1]

The Court finds that Defendant's Counterclaims VI, IX, and X are sufficiently ripe for judicial review.  Those claims do not rest solely on a future event—the FDA's approval of the ANDA.  Rather, as pointed out by Defendant, the delayed listing of the '524 and '489 Patents caused Defendant to submit an incomplete ANDA application, lacking Paragraph IV certifications and including an improper proposed label.  Arguably, the filing of an incomplete ANDA is an existing identifiable injury sustained by Defendant such that Defendant's claims arising from that injury are ripe.

Furthermore, even if the claims are not yet justiciable, the Court finds that Defendant's Counterclaims VI, IX, and X would be ripe for review upon resolution of Plaintiff's Hatch-Waxman claims.  Thus, a bifurcation of these claims and a stay pending the resolution of Plaintiff's Amended Complaint would ensure that Defendant's Counterclaims are sufficiently ripe.  For those reasons, the Court finds that a dismissal of Defendant's Counterclaims VI, IX,

---

[1] A generic drug manufacturer filing an ANDA must attach copies of the proposed label to be used with the generic drug.  21 C.F.R. § 314.94(a)(8).  Pursuant to regulation, the proposed label for the generic drug "must be the same as the labeling approved for the reference listed drug[.]"  21 C.F.R. § 314.94(a)(8)(iv).  However, the label for the generic drug may differ from the label for the listed drug if it omits "an indication or other aspect of labeling protected by patent . . . ."  21 C.F.R. § 314.94(a)(8)(iv).

and X pursuant to Federal Rule of Civil Procedure 12(b)(1) is not warranted.  Accordingly, the Court denies Plaintiff's motion to dismiss those Counterclaims as unripe.

> B.   **The Counterclaims Withstand the 12(b)(6) Motion to Dismiss**
>
>> 1.   *Standards of Review under Federal Rules of Civil Procedure 12(b)(6) and 8(a)*

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  On a motion to dismiss, the Court "must accept as true all factual allegations in the . . . complaint and all reasonable inferences that can be drawn from them." *Banks v. Wolk*, 918 F.2d 418, 419 (3d Cir. 1990). Nevertheless, refashioning the appropriate standard, the Supreme Court of the United States found that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal quotation marks omitted)).

Therefore, for a complaint to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, *supra*, 127 S. Ct. at 1965 (internal citations and footnote

omitted).  However, the United States Court of Appeals for the Third Circuit instructs courts to liberally construe antitrust cases.  *In re Hypodermic Prod. Antitrust Litig.*, 2007 WL 1959225, *6 (D.N.J. June 29, 2007) (citing *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 179 (3d Cir. 1988)).

Furthermore, Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief set forth "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  That Rule, thereby, imposes a threshold requirement that "the plain statement posses enough heft to show that the pleader is entitled to relief." *Twombly*, *supra*, 127 S. Ct. at 1966 (internal quotation and editing marks omitted).  A party seeking relief must give the defending party fair notice of what the claim is and the grounds upon which that claim rests.  *Phillips v. Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).  The factual allegations necessary to meet the fair notice requirement of Rule 8(a)(2), although dependant on the type of claim asserted, *ibid.*, must make a "showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation[,]" *id.* at 234-35.

  2. *Analysis*

Plaintiff presently moves to dismiss Defendant's Counterclaims VI, VII, VIII, IX, and X pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff raises four arguments to support its motion under this Rule.  First, Plaintiff contends that Defendant did not plead Counterclaims VI and X with sufficient particularity to meet the notice requirements of Federal Rule of Civil Procedure 8(a).  Second, Plaintiff argues that Defendant's Counterclaims VI, IX and X fail to state claims upon which relief may be granted.  Third, Plaintiff submits that it is entitled to immunity from the antitrust Counterclaims VII and VIII pursuant to the *Noerr-Pennington*

Doctrine.  Finally, Plaintiff argues that Counterclaims VI, IX, and X are impermissible attempts to privately enforce the FDCA.

Construing as true Defendant's pleadings for purposes of this motion, the Court finds that the Counterclaims are pled with sufficient particularity and adequately state claims upon which relief may be granted.  First, the Court rejects Plaintiff's argument that Counterclaims VI and X, claiming unfair competition and tortious interference with prospective economic advantage, fail to meet Federal Rule of Civil Procedure 8(a).  Defendant's failure to identify which state's law governs the claims does not warrant a dismissal.

Both Counterclaim VI and X arise under state common law.  As Defendant points out, "[i]t is not uncommon[] . . . for state common law claims to be pleaded without reference to which law will ultimately govern the claim." *Biovail Corp. Int'l v. Aktiengesellschaft*, 49 F. Supp. 2d 750, 775 n.10 (D.N.J. 1999).  In addition, neither party seeks application of the laws of a forum other than New Jersey, or even points to another forum with an interest in the action.  Significantly, at this stage in the litigation, the Court is not able to conduct a choice-of-law analysis, and moreover finds it unnecessary to do so.  *See id.* at 775-76.

Rather, Defendant's Counterclaims alleging common law unfair competition and tortious interference claims are pled sufficiently to put Plaintiff on notice that it must defend against such common law claims.  The lack of a specific pleading as to the applicable forum does not deprive Plaintiff of sufficient notice.  Defendant's pleading is adequate to identify the claims asserted against Plaintiff and the grounds upon which those claims are based.  Therefore, the Court finds that Defendant's Counterclaims VI and X are pled with sufficient particularity in accordance with Federal Rule of Civil Procedure 8(a)(2).

In addition, at this stage in the litigation, considering only Defendant's pleadings and matters of public record, the Court concludes that Defendant's Counterclaims VI, IX, and X state claims upon which relief may be granted.  *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) (noting that court may consider pleadings and matters of public record in deciding motion to dismiss).  As noted above, Counterclaim VI asserts a common law claim of unfair competition.  Counterclaim IX alleges that Plaintiff violated Section 1 of the Sherman Act by forming a conspiracy with an AstraZeneca entity—which Defendant alleges had an ownership interest in the patents in dispute, and which public record notes as having a financial interest in Naropin®.  In Counterclaim X, Defendant claims Plaintiff tortiously interfered with prospective economic advantage in the form of obtaining FDA approval and marketing Defendant's generic drug.

Construing as true Defendant's allegations, the Court finds that Defendant's pleadings withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Nevertheless, the Court emphasizes that it does not consider the merits of Defendant's Counterclaims and does not express any opinion as to whether the claims could withstand a summary judgment motion.  *See Brader v. Allegheny Gen. Hosp.*, 64 F.3d 869, 876 (3d Cir. 1995) (noting that "existence of an antitrust injury is not typically resolved through motions to dismiss" (internal quotation marks omitted)).

The Court also finds that, at the pleading stage, Plaintiff is not entitled to immunity from Defendant's antitrust Counterclaims VII and VIII based on the *Noerr-Pennington* Doctrine.  That Doctrine provides "immunity from liability to prevent First Amendment rights from being chilled[.]"  *Robinson v. Hartzell Propeller, Inc.*, 454 F.3d 163, 171 (3d Cir. 2006).  Thereby, "a

party who petitions the government for redress generally is immune from antitrust liability." *A.D. Bedell Wholesale Co. v. Philip Morris Inc.*, 263 F.3d 239, 250 (3d Cir. 2001) (internal quotation and editing marks omitted). However, the Doctrine does not immunize petitioning activity that is "a mere sham to cover an attempt to interfere directly with the business relationships of a competitor." *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 51 (1993) (internal quotation and editing marks omitted).

To constitute a "sham" litigation, two elements must be met. First, the action "must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *Id.* at 60. If that element is met, then a court should examine the petitioner's subjective motivation in bringing the action. *Ibid.* Under this second prong, a court focuses "on whether the baseless lawsuit conceals an attempt to interfere *directly* with the business relationships of a competitor through the use of the government *process*-as opposed to the *outcome* of that process-as an anti[-]competitive weapon." *Id.* at 60-61 (internal citations and quotation and editing marks omitted).

Construing as true Defendant's allegations, the Court finds that Defendant sufficiently alleges both elements necessary to plead a "sham" litigation. Accordingly, at this preliminary stage of the action, the Court concludes that Plaintiff is not entitled to immunity under the *Noerr-Pennington* Doctrine from Defendant's antitrust Counterclaims. Indeed, upon litigation of the patent infringement claims and upon discovery as to Defendant's Counterclaims, if Defendant does not bear its burden of proof as to a "sham" litigation, Plaintiff may seek anew *Noerr-Pennington* immunity. Furthermore, the Court emphasizes that, even if Defendant proves that Plaintiff is not entitled to immunity, Defendant nonetheless bears the burden of establishing a

substantive antitrust violation to succeed on its Counterclaims. *Organon Inc. v. Mylan Pharm., Inc.*, 293 F. Supp. 2d 453, 461 (D.N.J. 2003) (citing *Prof'l Real Estate Investors, Inc.*, *supra*, 508 U.S. at 61). The Court, thus, denies Plaintiff's motion to dismiss on the basis that Plaintiff is entitled to *Noerr-Pennington* immunity from Defendant's Counterclaims VII and VIII.

Finally, the Court further concludes that a dismissal of Counterclaims VI, IX, and X is not warranted under Federal Rule of Civil Procedure 12(b)(6) because Defendant attempts to privately enforce the FDCA. Indeed, the FDCA does not create a private cause of action, but rather confers all enforcement authority to the United States. 21 U.S.C. § 337(a); *in re Orthopedic Bone Screw Prod. Liab. Litig.*, 193 F.3d 781, 788 (3d Cir. 1999) ("It is well settled . . . that the FDCA creates no private right of action."). This rule extends to causes of action based solely on a party's violation of a requirement imposed by the FDCA. *See Mylan Pharm., Inc. v. Thompson*, 268 F.3d 1323, 1332 (Fed. Cir. 2001) (finding claim substantively analogous to private action for violation of FDCA and holding that claim was, thus, barred); *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1139 (4th Cir. 1993) (holding that claim brought under Lanham Act based solely on alleged violation of FDCA violates principle that FDCA does not create private cause of action). However, the standards enunciated by the FDCA may be used to *support* an independent cause of action. *Mylan Pharm.*, *supra*, 268 F.3d at 1332. *Accord in re Orthopedic Bone Screw Prod. Liab. Litig.*, *supra*, 193 F.3d at 790 ("A claim of civil conspiracy cannot rest solely upon the violation of a federal statute for which there is no corresponding private right of action."); *Zenith Lab., Inc. v. Abbott Lab.*, 1996 WL 33344963, *5 (D.N.J. Aug. 7, 1996) ("[A] violation of the []FDCA that gives rise to a separate cause of action does not necessarily lead to the conclusion that such a claim is preempted."). *See also Healthpoint, Ltd. v. Allen Pharm.,*

*LLC*, 2008 WL 728333, *7-16 (W.D. Tex. Mar. 18, 2008) (analyzing and comparing case law on issue, and finding that Lanham Act claims are inappropriate if, to prove essential element of claim, court must directly apply or interpret FDCA or FDA regulations).

Applying those principles here, the Court finds that Defendant's claims of unfair competition, conspiracy to restrain trade, and tortious interference are supported by, and not based entirely on, the allegation that Plaintiff untimely listed its patents in the Orange Book. Defendant's common law claims of unfair competition and tortious interference, as well as its claim under Section 1 of the Sherman Act, seek remedies for conduct not specifically addressed by the FDCA: that is, manipulating when a patent is listed on the Orange Book and making misrepresentations to a court. *See Zenith Lab.*, *supra*, 1996 WL 33344963 at *5. The Court, therefore, holds that Defendant's Counterclaims VI, IX, and X are not impermissible attempts to privately enforce the FDCA. Accordingly, the Court denies Plaintiff's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## C.     The Counterclaims are Appropriately Bifurcated

### 1.     *Standard of Review under Federal Rule of Civil Procedure 42(b)*

Federal Rule of Civil Procedure 42(b) provides, in relevant part: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). A district court exercises broad discretion in determining whether bifurcation of claims are appropriate under Rule 42(b). *Barr Lab., Inc. v. Abbott Lab.*, 978 F.2d 98, 115 (3d Cir. 1992) (citing *Idzojtic v. Pa. R.R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972)). A proper exercise of that discretion requires "a careful balancing of considerations of convenience, avoidance of prejudice,

and efficiency," as well as protection of Constitutionally-guaranteed rights. *Celgene Corp. v. Barr Lab., Inc.*, 2008 WL 2447354, *1 (D.N.J. June 13, 2008). Importantly, "courts must ensure that a litigant's constitutional right to a jury is preserved." *Ibid.* (internal quotation marks omitted); Fed. R. Civ. P. 42(b) ("When ordering a separate trial, the court must preserve any federal right to a jury trial.").

### 2. *Analysis*

Alternative to its motion to dismiss, Plaintiff also moves to bifurcate Defendant's Counterclaims VI through X from the remaining action, and to stay discovery as to those Counterclaims pending resolution of the patent infringement claims and counterclaims. Defendant does not oppose the motion to bifurcate and to stay.

Considering the various factors presented in this action, the Court concludes that bifurcation and stay of discovery is warranted. This conclusion is consistent with the view that bifurcation of antitrust claims and patent infringement claims are necessary to "enhance the parties' right to jury trial by making the issues the jury must consider less complex." *Warner Lambert Co. v. Purepac Pharm. Co.*, 2000 WL 34213890, *11 (D.N.J. Dec. 22, 2000) (internal quotation marks omitted). Furthermore, the Court recognizes that the outcome of litigating the patent infringement claims could further support, or disprove, Defendant's Counterclaims. In particular, the result of the infringement claim as to the '086 Patent could support or eliminate Defendant's "sham" litigation claim. *See id.* at *12. Therefore, the Court grants Plaintiff's motion to bifurcate Defendant's Counterclaims VI through X, and to stay discovery as to those Counterclaims.

## III. CONCLUSION

For the reasons expressed above, the Court denies, without prejudice, Plaintiff's motion to dismiss Counterclaims VI, VII, VIII, IX, and X pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(2).  Nevertheless, the Court grants Plaintiff's motion to bifurcate, and to stay discovery of, those Counterclaims.  An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated:  July 31, 2008