UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                      :
ABRAXIS BIOSCIENCE, INC.              :
                                      :
                                      :
    Plaintiff,                        :     Civil Action No. 07-1251 (JAP)
                                      :
        v.                            :     **OPINION**
                                      :
NAVINTA, LLC,                         :
                                      :
                                      :
    Defendant.                        :
_____:

PISANO, District Judge.

   Plaintiff, Abraxis BioScience, Inc. ("Abraxis" or "Plaintiff"), commenced this action against Navinta LLC ("Navinta" or "Defendant") asserting that Navinta infringed three of its patents: United States Patent No. 4,870,086 (the "'086 patent"), entitled "Optically Pure Compound and a Process for Its Preparation," United States Patent No. 5,670,524 (the "'524 patent") entitled "Methods and Compositions for the Treatment of Pain Utilizing Ropivacaine," and United States Patent No. 5,834,489 (the "'429" patent), also entitled "Methods and Compositions for the Treatment of Pain Utilizing Ropivacaine." Plaintiff's infringement claims arose out of the filing of an Abbreviated New Drug Application ("ANDA") by Navinta, a generic drug manufacturer, to market a generic version of an injectable form of the anesthetic Naropin. After a seven-day bench trial, the Court entered judgment on August 4, 2009 in favor of Abraxis on its infringement claims.

Presently before the Court is Plaintiff's motion for attorneys fees in accordance with 35 U.S.C. § 271(e)(4) and 35 U.S.C. § 285.  In situations where a patent has been infringed by the filing of an ANDA, 35 U.S.C. § 271(e)(4) allows for an award of attorneys fees under 35 U.S.C. § 285, which in turn allows a court to award reasonable attorneys fees to a prevailing party in exceptional cases.  Plaintiff asserts that this case is exceptional because (1) in connection with its ANDA, Navinta allegedly did not have a good faith basis for certain statements in its Paragraph IV certification and its "Section viii" statement; and (2) Navinta allegedly engaged in litigation misconduct.

Awarding attorney fees to a prevailing party in a patent case is a two step process.  First, the court must make the threshold determination that the case is "exceptional." *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1376 (Fed. Cir. 2001); *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996).  The burden is on the moving party to show that the case is exceptional by clear and convincing evidence.  *Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1304 (Fed. Cir. 2009).

If the court determines that a case is exceptional, it proceeds to the second step and decides whether an award of attorney fees is appropriate.  *Superior Fireplace Co.*, 270 F.3d at 1376.  It is within the courts discretion whether to award fees; a court is not bound to award attorney fees even upon a finding of exceptionality.  *See S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986).  "Many factors could affect this result[ ] ... such as the closeness of the case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burden of litigation as

between winner and loser." *Id.*  An award of attorneys fees is appropriate "where it would be grossly unjust that the winner be felt to bear the burden of his own counsel." *J.P. Stevens Co. v. Lex Tex Ltd., Inc.*, 822 F.2d 1047, 1052 (Fed. Cir.1987).

An attorney fee award under § 285 is not intended to be an "ordinary thing in patent cases," and is only appropriate when necessary to prevent "a gross injustice" or bad faith litigation. *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1329 (Fed. Cir. 2003).  The federal circuit has consistently found that there exists "only a limited universe of circumstances" that "warrant a finding of exceptionality" in a patent infringement case: "inequitable conduct before the [Patent and Trademark Office]; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement." *Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1304 (Fed. Cir. 2009) (quoting *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed. Cir. 2002)).

Having carefully considered the arguments of the parties and the totality of the circumstances in this case, the Court finds this case not to be exceptional and, therefore, shall deny Plaintiff's motion.  Although Defendant ultimately did not prevail at trial, the Court does not find that the non-infringement theory offered by Defendant in its Paragraph IV certification was so utterly devoid of support that Defendant's ANDA certification should be deemed "baseless."  Pl. Brf. at 4.  While the Court did not, for example, adopt Defendant's proposed claim construction that the claimed ropivacaine hydrochloride monohydrate exists only as a crystalline solid, Defendants' arguments in that regard were based upon intrinsic and

3

extrinsic evidence, including expert testimony.

In *Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381 (Fed. Cir. 2008), one of the cases upon which Plaintiff relies, the court found that shortcomings in the defendants' Paragraph IV certification that warranted an award of attorneys fees were evidenced by the defendants' "shifting" and abandoned legal theories, as well as "frivolous" and abandoned claims. *Id.* at 1387, 1789. The instant case involves none of these factors. As Navinta points out, the positions it relied upon for its Paragraph IV certification were the same positions it relied upon during trial and for which its experts provided expert testimony. Def. Brf. at 7.

Additionally, the Court finds that Defendant's conduct during the litigation in this matter does not rise to a level of bad faith or vexatious litigation that warrants a finding of exceptionality. Rather, the record shows that this case was a hard fought one, with both sides vigorously, and apparently in good faith, asserting and defending their respective positions. *See Forest Labs., Inc. v. Ivax Pharms., Inc.,* No. 2008 WL 522296 at *2 (D. Del. Feb. 26, 2008) (finding "hard-fought" litigation did not necessarily rise to level of "vexatious or bad faith litigation"). Consequently, Plaintiff's motion for attorneys fees is denied. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO  
United States District Judge

Dated: December 17, 2009

4